IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| JOSEPH CARUSO, individually and as Trustee of the JOSEPH MICHAEL CARUSO REVOCABLE TRUST,<br><br>Plaintiff,<br><br>v.<br><br>CETERA INVESTMENT SERVICES LLC, a Delaware limited liability company; SHANE BOEHM; INLAND REAL ESTATE INVESTMENT CORPORATION, a foreign corporation; and INPOINT COMMERCIAL R.E. INCOME, INC., a foreign corporation,<br><br>Defendants. | Case No.<br><br>COMPLAINT<br><br>(Claims for Fraud, Negligent Misrepresentation, Negligence, Breach of Fiduciary Duty, Securities Fraud & Elder Abuse)<br><br>Amount of Controversy: $1,650,000.00<br>Fee Authority: ORS 21.160(1)(d)<br><br>**NOT SUBJECT TO MANDATORY ARBITRATION** |

Plaintiff Joseph Caruso alleges as follows:

1.

Plaintiff Joseph Caruso ("plaintiff") is an individual and resident of the State of Oregon and was a resident of Multnomah County, Oregon when the transactions described below were consummated.

////

1 – COMPLAINT

MICHAEL A. COX
Attorney At Law
12360 S.W. Chandler Drive
Tigard, Oregon 97224
(503) 737-4308

EXHIBIT 1, Page 1 of 10

2.

Defendant Cetera Investment Services LLC ("Cetera") is a Delaware limited liability company duly authorized to conduct business in the State of Oregon. At all times material to this complaint, Cetera was and is a registered securities brokerage firm.

3.

At all times material herein, defendant Shane Boehm ("Boehm") and is an employee, agent and registered representative of defendant Cetera.

4.

Defendants Inland Real Estate Investment Corporation ("Inland") and Inpoint Commercial R.E. Income, Inc. ("Inpoint") are foreign corporations. At all times mentioned herein, defendants Cetera and Boehm and Lambert were authorized by defendants Inland and Inpoint to sell their services and/or investment products and were acting as authorized agents of Inland and Inpoint.

**FIRST CLAIM FOR RELIEF**

**(Fraud)**

5.

Plaintiff realleges paragraphs 1 through 4 above as though fully set forth herein.

6.

In 2018, plaintiff was solicited by defendants Cetera and Boehm regarding the investment of plaintiff's personal funds and trust funds under plaintiff's control contained in a trust known as the Joseph Michael Caruso Revocable Trust.

7.

During their pre-investment discussions, defendant Boehm represented to plaintiff that the investments being made with plaintiff's monies would be illiquid for a period of one year and then fully liquid thereafter.

2 – COMPLAINT

MICHAEL A. COX
Attorney At Law
12360 S.W. Chandler Drive
Tigard, Oregon 97224
(503) 737-4308

EXHIBIT 1, Page 2 of 10

8.

In reliance on the representations, plaintiff agreed to invest $750,000 of his personal and trust monies into investment products sold or serviced by defendants Inland and Inpoint.

9.

The representations set forth above in paragraph 7 were false.

10.

Defendants knew or should have known that the representations were false.

11.

Plaintiff was unaware of the falsity of defendants' misrepresentations, the misrepresentations were material to plaintiff's decision to invest with defendants and plaintiff acted reasonably in relying on the misrepresentations.

12.

Due to defendants' misrepresentations, plaintiff has suffered economic damages in an amount presently estimated not to exceed $300,000.00, including loss of value to his investment proceeds and damages incurred as a result of plaintiff's inability to invest his monies into other investments.

13.

Plaintiff is entitled to recover prejudgment interest on his economic damages from the date incurred through entry of judgment.

14.

Defendants' misconduct was intentional, willful, wanton and/or reckless and plaintiff is entitled to recover punitive damages from defendants and plaintiff will amend the complaint in the future to seek an appropriate amount for punitive damages.

////

3 – COMPLAINT

MICHAEL A. COX
Attorney At Law
12360 S.W. Chandler Drive
Tigard, Oregon 97224
(503) 737-4308

EXHIBIT 1, Page 3 of 10

## SECOND CLAIM FOR RELIEF

### (Negligent Misrepresentation)

15.

Plaintiff realleges paragraphs 1 through 14 above as though fully set forth herein.

16.

As financial advisors to plaintiff and managers of plaintiff's money, defendants were in a fiduciary position of trust and owed fiduciary duties to plaintiff.

17.

The misrepresentations made by defendants were the result of defendants' negligence.

18.

Due to defendants' negligent misrepresentations, plaintiff has suffered economic damages in an amount presently estimated not to exceed $300,000.00, including loss of value to his investment proceeds including interest and appreciation and damages incurred as a result of plaintiff's inability to invest his monies into other investments.

19.

Plaintiff is entitled to recover prejudgment interest on his economic damages from the date incurred through entry of judgment.

## THIRD CLAIM FOR RELIEF

### (Negligence)

20.

Plaintiff realleges paragraphs 1 through 19 above as though set forth fully herein.

21.

Defendants were negligent in the following particulars:

4 – COMPLAINT

MICHAEL A. COX
Attorney At Law
12360 S.W. Chandler Drive
Tigard, Oregon 97224
(503) 737-4308

EXHIBIT 1, Page 4 of 10

    a. Failing to inform plaintiff that the investments would remain illiquid after one year and that plaintiff would not be able to move these investments to other investment vehicles.

22.

As a result of defendants' negligence, plaintiff has suffered economic damages in an amount presently estimated not to exceed $300,000.00, including loss of value to his investment proceeds including interest and appreciation and damages incurred as a result of plaintiff's inability to invest his monies into other investments.

23.

Plaintiff is entitled to recover prejudgment interest on his economic damages from the date incurred through entry of judgment.

**FOURTH CLAIM FOR RELIEF**

**(Breach of Fiduciary Duty)**

24.

Plaintiff realleges paragraphs 1 through 23 above as though fully set forth herein.

25.

Defendants breached their fiduciary duties owed to plaintiff in making the misrepresentations set forth above and in committing the acts of negligence set forth above.

26.

As a result of defendants' breaches of fiduciary duty, plaintiff has suffered economic damages in an amount presently estimated not to exceed $300,000.00, including loss of value to his investment proceeds including interest and appreciation and damages incurred as a result of plaintiff's inability to invest his monies into other investments.

////

5 – COMPLAINT

MICHAEL A. COX
Attorney At Law
12360 S.W. Chandler Drive
Tigard, Oregon 97224
(503) 737-4308

EXHIBIT 1, Page 5 of 10

27.

Plaintiff is entitled to recover prejudgment interest on his economic damages from the date incurred through entry of judgment.

**FIFTH CLAIM FOR RELIEF**

**(Securities Fraud Pursuant to ORS Chp. 59)**

28.

Plaintiff realleges paragraphs 1 through 27 above as though fully set forth herein.

29.

The investment products and services sold to plaintiff are "securities" for purposes of ORS § 59.115.

30.

Defendant Boehm is liable to plaintiff pursuant to ORS 59.115(1)(b) for selling securities to plaintiff by means of untrue statements of material fact and omissions of material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

31.

Defendants Cetera, Inland and Inpoint are liable pursuant to ORS 59.115(3) for directly or indirectly controlling defendant Boehm, a seller liable under ORS 59.115(1).

32.

Plaintiff hereby tenders any remaining securities for full rescission.

33.

Pursuant to ORS 59.115(2), plaintiff is entitled to recover from defendants economic damages in an amount presently estimated not to exceed $750,000 consisting of the consideration tendered

6 – COMPLAINT

MICHAEL A. COX
Attorney At Law
12360 S.W. Chandler Drive
Tigard, Oregon 97224
(503) 737-4308

EXHIBIT 1, Page 6 of 10

for the securities with prejudgment interest thereon from the date of payment less: (1) any amounts received from the securities; (2) the value of any portions of the securities which were sold when disposed of; and (3) any prejudgment interest on the value of securities sold.

34.

Pursuant to ORS 59.115(10), plaintiff is entitled to an award of his reasonable attorney fees in this action.

## SIXTH CLAIM FOR RELIEF

(Violation of Oregon Elder Abuse Statutes, ORS Chapter 124)

35.

Plaintiff realleges paragraphs 1 through 34 as though fully set forth herein.

36.

Plaintiff is over 65 years of age and is an "elderly person" for purposes of ORS Chapter 124.

37.

By their actions set forth above, defendants violated ORS 124.110(a) and (b).

38.

As a result of defendants' violations of ORS 124.110, plaintiff has suffered economic damages in an amount presently estimated not to exceed $300,000.00, including loss of value to his investment proceeds including interest and appreciation and damages incurred as a result of plaintiff's inability to invest his monies into other investments.  Pursuant to ORS 124.100(2)(a), plaintiff is entitled to recover triple his economic damages in an amount not to exceed $900,000.

39.

As a result of defendants' violations of ORS 124.110, plaintiff has suffered noneconomic damages for mental and emotional distress in an amount presently estimated not to exceed

7 – COMPLAINT

MICHAEL A. COX
Attorney At Law
12360 S.W. Chandler Drive
Tigard, Oregon 97224
(503) 737-4308

EXHIBIT 1, Page 7 of 10

$250,000.00. Pursuant to ORS 124.100(2)(b), plaintiff is entitled to recover triple his noneconomic damages in an amount not to exceed $750,000.

WHEREFORE, plaintiffs pray for a judgment against defendants as follows:

**On Plaintiff's FIRST CLAIM FOR RELIEF:**

1. For economic damages in an amount not to exceed $300,000.00;

2. For prejudgment interest on plaintiff's economic damages from the date incurred through entry of judgment;

3. For punitive damages in an amount not to exceed $1,000,000.00, and

4. For costs and disbursements incurred herein.

**On Plaintiff's SECOND CLAIM FOR RELIEF:**

1. For economic damages in an amount not to exceed $300,000.00;

2. For prejudgment interest on plaintiff's economic damages from the date incurred through entry of judgment; and

3. For costs and disbursements incurred herein.

**On Plaintiff's THIRD CLAIM FOR RELIEF:**

1. For economic damages in an amount not to exceed $300,000.00;

2. For prejudgment interest on plaintiff's economic damages from the date incurred through entry of judgment; and

3. For costs and disbursements incurred herein.

**On Plaintiff's FOURTH CLAIM FOR RELIEF:**

1. For economic damages in an amount not to exceed $300,000.00;

2. For prejudgment interest on plaintiff's economic damages from the date incurred through entry of judgment; and

8 – COMPLAINT

MICHAEL A. COX
Attorney At Law
12360 S.W. Chandler Drive
Tigard, Oregon 97224
(503) 737-4308

EXHIBIT 1, Page 8 of 10

3. For costs and disbursements incurred herein.

**On Plaintiff's FIFTH CLAIM FOR RELIEF:**

1. For economic damages, including prejudgment interest as set forth in ORS § 59.115(2), in an amount not to exceed $300,000;

2. For plaintiff's reasonable attorney fees incurred herein; and

3. For costs and disbursements incurred herein.

**On Plaintiff's SIXTH CLAIM FOR RELIEF:**

1. For economic damages in an amount not to exceed $900,000.00;

2. For prejudgment interest on plaintiff's economic damages from the date incurred through entry of judgment;

3. For noneconomic damages in an amount not to exceed $750,000.00; and

4. For costs and disbursements incurred herein.

DATED this 21st day of December, 2021.

*/s/ Michael A. Cox*
Michael A. Cox, OSB #93507
Attorney for Plaintiff

9 – COMPLAINT

MICHAEL A. COX
Attorney At Law
12360 S.W. Chandler Drive
Tigard, Oregon 97224
(503) 737-4308

EXHIBIT 1, Page 9 of 10

# REGISTER OF ACTIONS
## CASE NO. 21CV48392

| | | | |
|---|---|---|---|
| Joseph Caruso, Joseph Michael Caruso Revocable Trust vs Cetera Investment Services LLC, Shane Boehm, Inland Real Estate Investment Corporation, Inpoint Commercial R.E. Income, Inc. | § § § § § | Case Type: | **Tort - General** |
| | | Date Filed: | **12/21/2021** |
| | | Location: | **Multnomah** |

## PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **Boehm, Shane** | |
| **Defendant** | **Cetera Investment Services LLC** | |
| **Defendant** | **Inland Real Estate Investment Corporation** | |
| **Defendant** | **Inpoint Commercial R.E. Income, Inc.** | |
| **Plaintiff** | **Caruso, Joseph** | MICHAEL A COX<br>*Retained*<br>503 737-4308(W) |
| **Plaintiff** | **Joseph Michael Caruso Revocable Trust** | MICHAEL A COX<br>*Retained*<br>503 737-4308(W) |

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 12/21/2021 | **Complaint**<br>*Fraud: NOT SUBJECT TO MANDATORY ARBITRATION*<br>Created: 12/21/2021 1:32 PM |
| 12/21/2021 | **Service** |
| | Cetera Investment Services LLC — Unserved |
| | Boehm, Shane — Unserved |
| | Inland Real Estate Investment Corporation — Unserved |
| | Inpoint Commercial R.E. Income, Inc. — Unserved |
| | Created: 12/21/2021 1:32 PM |
| 03/10/2022 | **Notice - Rule 7 - 63 Day**<br>Created: 03/10/2022 1:16 PM |

## FINANCIAL INFORMATION

| | | |
|---|---|---|
| **Plaintiff** Caruso, Joseph | | |
| Total Financial Assessment | | 884.00 |
| Total Payments and Credits | | 884.00 |
| **Balance Due as of 03/21/2022** | | **0.00** |
| 12/21/2021 | Transaction Assessment | 884.00 |
| 12/21/2021 | xWeb Accessed eFile    Receipt # 2021-787845    Caruso, Joseph | (884.00) |